UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SMS DEMAG AG**                                                                                              **PLAINTIFF**

v.                                          **CASE NO. 3:06-CV-0060 GTE**

**XTEK, INC.**                                                                                                **DEFENDANT**

**ORDER**

Presently before the Court are Plaintiff's Motion for Entry of Protective Order (Docket No. 21), Plaintiff's Motion to Compel Discovery (Docket No. 23), Defendant's Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 37), and Plaintiff's Motion to Compel Discovery (Docket No. 43). The Court will first address, however, certain deadlines regarding the possible *Markman* hearing.

**I.      *Markman* Hearing Deadlines**

The parties are to simultaneously exchange a list of claim terms that they contend should be construed by the Court by January 10, 2006. Should the parties be concerned that such exchange may not be simultaneous, the parties may contact the Court and request that the lists be submitted to the Court, and the Court will send the lists to opposing counsel simultaneously. The parties must disclose expert(s) and serve expert report(s) on issues for which a party has the burden of proof by January 22, 2007. The parties shall complete and file a Joint Claim Construction Statement by February 2, 2006 stating, (1) the construction of those terms on which the parties agree; (2) each party's proposed construction of each disputed claim term with an identification of all references from the specification or prosecution history that support that

construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses; and (3) whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing and the identify of such witness.  The parties must disclose expert(s) and serve expert reports(s) in rebuttal by February 10, 2007.  If a *Markman* hearing is necessary, it will occur on February 16, 2007 per the Court's October 18, 2006 Scheduling Order.

**II.     Background**

On April 12, 2006, Plaintiff SMS Demag AG ("SMS") filed the present lawsuit against Defendant Xtek, Inc. ("Xtek") alleging patent infringement, trademark infringement, and unfair competition in violation of federal law, deceptive and unconscionable trade practices in violation of Arkansas statutory law, and trademark infringement and unfair competition in violation of the common law.  The parties are competitors with respect to the subject matter of this action, which concerns rolling mill equipment called "spindles."  SMS claims that the SMS patent in this suit covers drives for rolling mills that include improved spindles invented and marketed by SMS and which, as SMS alleges, are also being made and sold by Xtek without SMS's consent.  On December 1, 2006, the Court held a telephone conference to discuss the motions pending before the Court.

**III.    Motion for Protective Order**

According to Plaintiff's Motion for Entry of Protective Order, the parties agree that a

protective order is necessary in this matter to prevent disclosure of nonpublic and sensitive information that will be produced in discovery.  SMS's proposed protective order is "two-tiered" in that it separates Confidential and Highly Confidential information.  The parties have previously disputed the appropriateness of the proposed in-house counsel and in-house technical expert designees, and the language in paragraph five (5).

As stated in the telephone conference, based upon the declarations submitted by SMS, the Court finds that Mr. Steenken is an appropriate in-house counsel designee and Mr. Malan is an appropriate in-house technical expert under the protective order.  Based upon the December 4, 2006, declarations submitted to the Court by Xtek, the Court finds that Mr. Sennett is an appropriate in-house counsel designee and Mr. Petrek is an appropriate in-house technical expert under the protective order.

Furthermore, the parties have agreed to a revised paragraph five (5) of the protective order, which states:

> As used herein, "HIGHLY CONFIDENTIAL" material is CONFIDENTIAL material that any party deems to contain particularly sensitive business or technical information.  The "HIGHLY CONFIDENTIAL" category may be invoked in good faith by a Producing Party and only relative to particularly sensitive proprietary commercial information related to couplings and gear products.  This would include information related to pricing, production costs or other cost data related to the sourcing and/or manufacturing of a party's products, financial projections or profit calculations (including the underlying business information used to create such calculations), and any information related to new product development.  No other technical or manufacturing information will be designated HIGHLY CONFIDENTIAL.  CONFIDENTIAL information will include all information residing in any of the quote/sales order files, production (finish) files, or engineering (checking) files, except for any information that is classified as HIGHLY CONFIDENTIAL under one or more of the categories identified above as suitable for being so designated.  Specifically included in the kinds of documents and information that may only be designated CONFIDENTIAL are drawings of relevant products, organizational charts, lists of

employees, and quality or production manuals.

The Court will enter a protective order reflecting its findings and the agreement of the parties.

### IV. Plaintiff's Motion to Compel Discovery (Docket No. 23)

The parties agree that this motion should be denied as moot and attorneys fees are not warranted with regard to this motion. Therefore, Plaintiff's first Motion to Compel Discovery is denied as moot.

### V. Plaintiff's Motion to Compel Discovery (Docket No. 43)

Although Plaintiff claims that Defendant has waived any objection to SMS's discovery requests by failing to timely respond, as stated in the telephone conference, the Court rejects Plaintiff's waiver argument. It is clear that the parties were in the midst of working out an extension of time when Plaintiff filed the present motion. Thus, Plaintiff's waiver argument fails because Defendant's counsel was reasonable in believing that it would have additional time to respond to the outstanding discovery, and the "good cause" exception of Federal Rule of Civil Procedure 33(b)(4) applies in this instance.

Second, Plaintiff argues that Defendant's response to Interrogatory 2 requesting "any contention by Xtek" that it does not infringe a claim (or claims) of the SMS Patent is not responsive. Defendant states that it cannot determine whether the products accused of infringement have a "throttle" or not because Plaintiff refuses to define "throttle" for Defendant claiming confidentiality, attorney-client privilege and/or work product, and irrelevance. Defendant responds that "to the extent Plaintiff may contend that the 'throttle' is a restriction in the central duct, it is not located at an end of the shaft," and that Defendant will amend this answer as it obtains more information. Defendant states that it has taken the position that the

4

patent is invalid because "throttle" is not defined clearly.  The Court's directions to the parties concerning Plaintiff's Interrogatory 12 and Defendant's Interrogatory 2 should resolve this issue.

Third, Plaintiff argues that Defendant failed to adequately respond to Interrogatory 12, which requests Xtek to identify each term that appears in any of the claims of the SMS Patent that Xtek contends must be construed by the Court.  Xtek contends that it cannot determine if any of the claim terms are in dispute because SMS has not "revealed how it is construing any of the terms in the patent in suit."  Defendant argues that the interrogatory does not ask the Defendant to define the terms, but asks which terms the Court is to construe.  Defendant indicates that it would answer an interrogatory, such as Defendant's Interrogatory 2, by stating, "If they would have said what do these claim terms mean, I would have answered that.  That's not what they asked."  Therefore, Plaintiff is directed to submit an interrogatory that mirrors Defendant's Interrogatory 2 on or before December 11, 2006.  Defendant is directed to respond to said interrogatory on or before December 19, 2006.

In Interrogatory 13, Plaintiff requests information regarding a "central duct."  Defendant states that this interrogatory was discussed during a November 10th meet-and-confer between counsel, and that Defendant stated at that time that "he would have answered the interrogatory if it could have understood what Plaintiff wanted.  Plaintiff's counsel, Mr. Hemingway, responded that he would provide an explanation in writing either that day or the following Monday.  However, Plaintiff never responded as promised, but instead filed the present motion." Plaintiff agrees that this conversation took place, and that it simply "fell through the cracks."  If Plaintiff has not yet provided the promised written explanation, it shall do so on or before December 11, 2006.  To the extent that this explanation allows Defendant to respond to Interrogatory 13, it

5

shall do so on or before December 19, 2006.

## V. Defendant's Motion to Compel

Defendant alleges, and Plaintiff agrees, that Plaintiff's counsel represented that Plaintiff would withdraw the objection based on alleged excess interrogatories. Therefore, the Court will not consider this issue.

In Interrogatory 1, Defendant's counsel requests identification of any direct infringers. Plaintiff responds that Defendant has not produced any drawings of the relevant spindles, and Plaintiff cannot determine which such spindles infringe. The parties agree that resolution of the protective order and exchange of relevant drawings should resolve this matter. Therefore, upon entry of the protective order, the parties are directed to produce the documentation necessary to resolve the dispute regarding Interrogatory 1.

Interrogatory 2 requests the meaning that Plaintiff is giving to certain terms used in the patent at issue. Plaintiff states that Defendant is simply attempting to require Plaintiff to "compel SMS to change the meaning that one of ordinary skill in the art would attribute to these terms and create an alternate meaning under the guise of requesting SMS to define the terms." Plaintiff states that it put a number and lead lines on drawings and explained how every term is shown in the drawing. The Court's direction to Plaintiff to submit an interrogatory that mirrors Defendant's Interrogatory 2 on or before December 11, 2006, with Defendant's response due on or before December 19, 2006, should allow Plaintiff to review Defendant's definitions of the claim terms and submit its own definitions regarding any claim term definition that it disagrees with on or before December 28, 2006, and satisfy Defendant's Interrogatory 2.

Xtek's Interrogatory 5 asks for an identification of each spindle for a rolling mill

equipped with a device for circulatory or pressure oil lubrication that was in existence prior to March 20, 1997.  SMS has stated that it will produce documents that relate to spindles installed in the United States of which SMS is aware,[1] but beyond that, Xtek is essentially asking SMS to undertake a worldwide investigation and determine which spindles in which rolling mills fall within the scope of this interrogatory.  The Court will require SMS only to produce documents that relate to spindles installed in the United States and foreign countries, of which SMS is aware, such as documents collected when SMS researched the patentability of the product at issue on or before December 11, 2006.

Interrogatory 6 requests that SMS "Separately state when a spindle meeting all of the limitations of each claim of the patent in the suit was 'on sale' in the United States either by itself or as part of other equipment.  As used in this interrogatory, 'on sale' has the meaning as used in 35 U.S.C. § 102(b)."  In a November 15, 2006 letter, Xtek stated that SMS "may delete the last sentence of the interrogatory, and substitute 'in existence' for 'on sale.'"  SMS objects that the interrogatory is confusing, and even as amended, cannot be answered because the claims of the patent in suit require a rolling mill drive that, in addition to other things, has the kind of spindle described in the claims of the patent.  Therefore, SMS claims, it is impossible for any spindle alone to contain all of the limitations of the claims. If Xtek is not satisfied with the response given in the telephone conference, it shall submit a clarified interrogatory on or before December 11, 2006, with Plaintiff's response due on or before December 19, 2006.

Interrogatory 13 requests that Defendant attach to the response to the interrogatory a copy of each document requested in Defendant's document request 41, and to indicate on those

---

[1] It is not clear why SMS did not produce those documents that is was willing to turn over.

documents by highlighting with a colored marker each instance where Plaintiff asserts Defendant has unlawfully used an SMS trademark. SMS contends that Xtek cannot obtain documents through Rule 33 interrogatories, but must proceed under Rule 34 requests for production. Xtek counters that Plaintiff's own Interrogatory 13 to Xtek requested Xtek to identify on spindle drawings Defendant's contention where the "Central Duct" is located, and therefore the objection on this basis is improper, as it has requested documents in its interrogatories. Xtek also argues that Plaintiff asserts that it "will provide documents of which SMS is currently aware which responds to this Interrogatory," but that is not what the interrogatory requests, and without the markings, Defendant will not know where within the documents Plaintiff is alleging Defendant is misusing its trademarks. If Plaintiff has not already provided the documents of which it is aware which responds to this Interrogatory, Plaintiff is directed to do so with the requested markings on or before December 11, 2006.

Because it is clear that the parties failed to use their best efforts to resolve these matters without Court intervention, the Court declines to award attorney fees to either party.

Accordingly,

FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED THAT Plaintiff's Motion for Entry of Protective Order (Docket No. 21) be, and is hereby, GRANTED in part and DENIED in part .

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Compel Discovery (Docket No. 23) be, and is hereby, DENIED as moot .

IT IS FURTHER ORDERED THAT Defendant's Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 37) be, and is hereby, GRANTED in part

and DENIED in part.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Compel Discovery (Docket No. 43) be, and is hereby, GRANTED in part and DENIED in part .

IT IS SO ORDERED THIS 5th day of December, 2006.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE