**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**SMS DEMAG AG**                                                                                    **PLAINTIFF**

**VS.**                                              **NO. 3:06CV0060GTE**

**XTEK, INC.**                                                                                        **DEFENDANT**

**PROTECTIVE ORDER**

Pursuant to Rule 26(c), Fed, R. Civ. P., the following procedures shall be used in this action for the protection of the parties and against the improper disclosure or use of confidential information produced in discovery or filed with this Court.

1.    This Order shall be applicable to and govern all initial disclosures, depositions, documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at hearings or at trial, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party or non-party (hereinafter "Producing Party"), to the extent such material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order.

2.    As used herein, "CONFIDENTIAL" material is confidential research, development, financial, commercial, marketing or business information of a technical or non-technical nature; trade secrets; know-how; or proprietary data relating to research, development, financial, commercial, marketing or business subject matter of a technical or non-technical nature of the Producing Party. A Producing Party shall designate as CONFIDENTIAL only information that the Producing Party in good faith believes meets at least one of the foregoing criteria.

3. Information designated CONFIDENTIAL by a Producing Party shall be used by the recipient solely for the purpose of conducting this litigation and not for any other purpose.

4. In the absence of written permission from the Producing Party or further order by the Court, CONFIDENTIAL Information may be disclosed only to the following persons:

(a) outside counsel engaged by a party to represent it in connection with this litigation, including paralegal, secretarial and clerical personnel who assist outside counsel in this case;

(b) no more than one in-house attorney and no more than one in-house technical expert for each party and any stenographic, clerical or paralegal employees working with such in-house attorney or expert whose function in this litigation requires access to material designated as CONFIDENTIAL Information;

(1) For plaintiff SMS, the designated in-house attorney is Dr. Stefan Steenken and the designated in-house technical expert is Mr. William Malan.

(2) For defendant Xtek, the designated in-house attorney is William L. Sennett and the designated in-house technical expert is Mr. Frank Petrek.

(c) consultants and experts who are not now (1) employed by any party, (2) officers or directors of any party, or (3) under the control of any such consultant or expert;

(d) any interpreter or typist or transcriber used by the interpreter:

(e) any outside copying and exhibit preparation service;

(f) any court reporter recording or transcribing testimony; and

(g) this Court, its clerk and court personnel.

CONFIDENTIAL Information shall not be disclosed to any person described in sub-paragraph (b) unless and until that person has executed an acknowledgment substantially in the form of Attachment 1 hereto. CONFIDENTIAL Information shall not be disclosed to any person

described in sub-paragraphs (c) or (d) unless and until that person has executed an acknowledgment substantially in the form of Attachment 2 hereto.  The executed acknowledgment for any person described in sub-paragraphs (c) or (d) must be provided to all other parties in this action at least seven (7) business days before any initial disclosure, along with a curriculum vitae for that person and a written statement setting forth that person's present residence address, business address, employer, job title and any past or present association with any party.  If any party objects to the disclosure of CONFIDENTIAL Information to that person within five (5) business days after receiving notice, no such disclosure shall be made to that person without prior approval of the Court or the objecting party.  Any objection shall state with particularity the basis for the objection.  Although the objecting party shall have the ultimate burden of showing why that person should not have access to the CONFIDENTIAL Information, the party seeking to disclose the CONFIDENTIAL Information shall have the initial burden of moving the Court for approval to disclose the CONFIDENTIAL Information.  Pending resolution of any such motion, no disclosure shall be made to that person.

    5.  As used herein, "HIGHLY CONFIDENTIAL" material is CONFIDENTIAL material that any party deems to contain particularly sensitive business or technical information.  The "HIGHLY CONFIDENTIAL" category may be invoked in good faith by a Producing Party and only relative to particularly sensitive proprietary commercial information related to couplings and gear products.  This would include information related to pricing, production costs or other cost data related to the sourcing and/or manufacturing of a party's products, financial projections or profit calculations (including the underlying business information used to create such calculations), and any information related to new product development.  No other technical or manufacturing information will be designated HIGHLY CONFIDENTIAL.  CONFIDENTIAL information will include all information residing in any of the quote/sales order files, production (finish) files, or engineering (checking) files, except for any information that is classified as

HIGHLY CONFIDENTIAL under one or more of the categories identified above as suitable for being so designated. Specifically included in the kinds of documents and information that may only be designated CONFIDENTIAL are drawings of relevant products, organizational charts, lists of employees, and quality or production manuals.

   6.  Information designated HIGHLY CONFIDENTIAL by a Producing Party shall be used by the recipient solely for the purpose of conducting this litigation and not for any other purpose.

   7.  In the absence of written permission from the Producing Party or further order by the Court, HIGHLY CONFIDENTIAL Information may be disclosed only to the following persons:

    (a)  outside counsel engaged by a party to represent it in connection with this litigation, including paralegal, secretarial and clerical personnel who assist outside counsel in this case;

    (b)  one in-house attorney for each party, provided that such attorney have no involvement in designing spindles, pricing spindles, or the preparation, filing or prosecution of patent applications concerning spindles, and any stenographic, clerical or paralegal employees working with such in-house attorney whose function in this litigation requires access to material designated as HIGHLY CONFIDENTIAL Information;

     (1)  For plaintiff SMS, the designated in-house attorney is Dr. Stefan Steenken.

     (2)  For defendant Xtek, the designated in-house attorney is William L. Sennett.

    (c)  consultants and experts who are not now (1) employed by any party, (2) officers or directors of any party, or (3) under the control of any such consultant or expert;

    (d)  any interpreter or typist or transcriber used by the interpreter:

   (e)  any outside copying and exhibit preparation service;

   (f)  any court reporter recording or transcribing testimony; and

   (g)  this Court, its clerk and court personnel.

HIGHLY CONFIDENTIAL Information shall not be disclosed to any person described in sub-paragraph (b) unless and until that person has executed an acknowledgment substantially in the form of Attachment 1 hereto.  HIGHLY CONFIDENTIAL Information shall not be disclosed to any person described in sub-paragraphs (c) or (d) unless and until that person has executed an acknowledgment substantially in the form of Attachment 2 hereto.  The executed acknowledgment for any person described in sub-paragraphs (c) or (d) must be provided to all other parties in this action at least seven (7) business days before any initial disclosure, along with a curriculum vitae for that person and a written statement setting forth that person's present residence address, business address, employer, job title and any past or present association with any party.  If any party objects to the disclosure of HIGHLY CONFIDENTIAL Information to that person within five (5) business days after receiving notice, no such disclosure shall be made to that person without prior approval of the Court or the objecting party.  Any objection shall state with particularity the basis for the objection.  Although the objecting party shall have the burden of showing why that person should not have access to the HIGHLY CONFIDENTIAL Information, the party seeking to disclose the HIGHLY CONFIDENTIAL Information shall have the initial burden of moving the Court for approval to disclose the HIGHLY CONFIDENTIAL Information.  Pending resolution of any such motion, no disclosure shall be made to that person.

  8.  Any person who makes any disclosure in confidence under this Order of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information shall advise each person to whom such disclosure is made of the terms of this Order. The persons described in paragraphs 4 and 7 are enjoined from using themselves or disclosing CONFIDENTIAL

Information or HIGHLY CONFIDENTIAL Information to any other person except in conformity with this Order.

9.  Non-party Producing Parties, including witnesses, who provide discovery in this action may invoke all provisions of this Order as to that discovery, and the parties to this Order will treat all information designated by such non-party Producing Parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the terms of this Order as if such non-party Producing Party were party to this Order.

10. The Producing Party shall designate CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information in the following manner:

(a) In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on any such document copied or to be copied prior to production. In lieu of marking the original of a document that contains CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as CONFIDENTIAL or HIGHLY CONFIDENTIAL, thereby making them subject to this Order. Any copies of such documents must be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Producing Party at the time they are supplied to the receiving party.

(b) In the case of depositions, designation of all or a portion of the transcript (including exhibits) containing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information shall be made by a statement to such effect on the record in the course of the deposition and portions so designated shall be separately transcribed by the court reporter.

(c) If a deposition transcript, or portion thereof, containing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information is filed with the Court, the transcript

shall bear the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on the caption page and the Producing Party shall file such information under seal.

11. A receiving party shall not be obligated to challenge the propriety of any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of the proceedings with such designation, such party shall provide to the Producing Party written notice of its disagreement with the designation. The Producing Party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten days of the challenging party's written notice, the party challenging the designation may then request appropriate relief from this Court. The burden of proving the information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is on the Producing Party making such designation.

12. The inadvertent or unintentional disclosure by the Producing Party of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of such Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the Producing Party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such notification shall constitute a designation of the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and therefore subject it to the provisions of this Order. Disclosure of inadvertently or unintentionally disclosed CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information prior to receipt of such notice shall not

be deemed a violation of this Order.  However, those persons to whom disclosure was made are to be advised that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL and must be treated in accordance with this Order.

      13.     The inadvertent or unintentional disclosure of documents or things which the Producing Party believes are subject to attorney-client privilege, attorney work product, or any other claim of immunity from production shall not constitute a waiver of the respective privilege or immunity, provided that the Producing Party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the document or thing is subject to such a privilege or immunity.  The receiving party shall return, within three business days from the date said written notice is received, to the Producing Party any document or thing identified by the Producing Party as subject to such privilege or immunity, and any copies thereof.  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to such a claim of privilege or immunity, nor shall anything herein prevent the receiving party from challenging the privileged status of any inadvertently or unintentionally produced information, document or thing or asserting that it should be producible for any reasons other than a waiver caused by the inadvertent or unintentional production.

      14.     Any document, pleading, transcript or brief that discloses CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information and is used in connection with any motion, other written submission, hearing or trial in this action shall be marked according to paragraph 10 and shall be filed under seal for the Court's *in camera* inspection, or shall be submitted to the Court in such other manner as the Producing Party and the Court may agree to protect the confidentiality of such information.  The original and all copies of any document constituting or containing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL

Information shall state in bold letters on the first page of the document that it is CONFIDENTIAL or HIGHLY CONFIDENTIAL and that the document is subject to the Protective Order.

15. Nothing in this Order shall prevent a party from using CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information at trial or during a hearing or other court proceeding in this litigation and such information shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status through such use. The party shall take all steps reasonably required to protect the confidentiality of such designated information during such use. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

16. The restrictions provided herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court; provided, however, that this Order shall not be construed to

(a) prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party;

(b) apply to information which appears in issued patents or printed publications or otherwise lawfully becomes publicly known, or (c) apply to information which any party or its attorneys have, after disclosure by the Producing Party, lawfully obtained from a non-party having the right to disclose such information and who has no obligation to protect the confidentiality thereof.

17. Nothing in this Order shall preclude any party to this action or its attorneys from

(a) showing a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to an individual who, as indicated on the face of the document or established by other, prior evidence, either prepared, received or reviewed the document;

      (b)    using at a deposition of an employee or expert of a Producing Party any document that such Producing Party designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or

      (c)    disclosing or using, in any manner or for any purpose, any information or documents from the Producing Party's own files which the Producing Party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

    18.    Any Producing Party who has designated any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order may consent that the CONFIDENTIAL or HIGHLY CONFIDENTIAL status of such information be removed by giving written notification to opposing counsel of record or by statements on the record at any hearing or deposition. These shall be the only methods by which such consent may be manifested.

    19.    Within 60 days of the final termination of this action by entry of a final judgment from which no further appeal has been or can be taken, all CONFIDENTIAL and HIGHLY CONFIDENTIAL material and all copies thereof shall be destroyed or returned to the Producing Party that produced them.  If a receiving party elects to destroy copies of such CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the receiving party or its attorneys shall certify in writing that said material has been destroyed within the 60-day period.  Notwithstanding theforegoing, outside counsel may retain an archival copy of any pleading, discovery and/or attorney work product which contains CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information.  Such archival material shall be retained and treated in accordance with the terms of this Order, which shall survive the final termination of this action to the extent the information in such retained material is not or does not become known to the public by means other than a violation of this Order.

    20.    Nothing herein shall prevent any Producing Party, on notice to all other producing

parties, from applying to the Court for a modification of this Order.

21.     Entry of this Order shall be without prejudice to the right of any Producing Party to seek relief from this Court, upon good cause shown, from any of the provisions hereof.

22.     By entering this Order and limiting the disclosure of information in this case, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who may be subject to a motion to disclose another Producing Party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, shall promptly notify that Producing Party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

23.     If a Producing Party producing documents and things makes copies or duplicates thereof at the request of a receiving party, it will do so at the expense of the receiving party, unless the parties make other arrangements.

24.     Any party may move that attendance at a hearing or a trial session in this action at which material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL will be used or disclosed be limited to individuals entitled to have access to such materials under the terms of this Protective Order.

25.     Legible photocopies of documents and, where reasonably possible, things, may be used for all purposes in this action as against a claim that they are not the "originals," provided that the "original" documents and things, in whatever form they exist in a Producing Party's files, shall be made available upon request of any party.

26.     All CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information of a Producing Party shall be maintained under the direct control or supervision of a receiving party's outside counsel.

27. Nothing in this Order shall be deemed a waiver of any right that any party otherwise has under the Federal Rules, Local Civil Rules of this Court or the doctrines of attorney-client privilege or attorney work product.

SO ORDERED.

Dated this 5th day of December, 2006.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**SMS DEMAG AG**                                              **PLAINTIFF**

**VS.**                               **NO. 3:06CV0060GTE**

**XTEK, INC.**                                            **DEFENDANT**

**ACKNOWLEDGMENT**

I hereby acknowledge (1) that I have read the Protective Order entered in the above-captioned case on December 5, 2006 and (2) that I fully understand, and I agree to abide by, the obligations and conditions of that Protective Order.

My professional responsibilities do not include designing spindles, pricing spindles, or the preparation, filing or prosecution of patent applications concerning spindles.

Dated: _____                         _____
                                                                         Signature

                                                                         _____
                                                                         Printed Name

                                                                         _____
                                                                         Title or Position

                                                                         _____
                                                                         Employer

                                                                         _____
                                                                         Employer's Address

                                                                         _____

                                                                         _____

# ATTACHMENT 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**SMS DEMAG AG**                                                            **PLAINTIFF**

**VS.**                          **NO. 3:06CV0060GTE**

**XTEK, INC.**                                                       **DEFENDANT**

## ACKNOWLEDGMENT

I hereby acknowledge (1) that I have read the Protective Order entered in the above-captioned case on December 5, 2006 and (2) that I fully understand, and I agree to abide by, the obligations and conditions of that Protective Order.

Dated: _____            _____
                                                Signature

                                                _____
                                                Printed Name

                                                _____
                                                Title or Position

                                                _____
                                                Employer

                                                _____
                                                Employer's Address

                                                _____

                                                _____