# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**SMS DEMAG AG**                                                            **PLAINTIFF**

**v.**                         **CASE NO. 3:06-CV-0060 GTE**

**XTEK, INC.**                                                         **DEFENDANT**

## ORDER

Presently before the Court are Defendant's Emergency Motion to Compel Inspection of Documents Commencing on May 14, 2007 (Docket No. 145), Defendant's Motion to Compel (Docket No. 142), and a letter from Defendant requesting clarification of the Court's Order of May 3, 2007. Because of the urgency of the matters before the Court, it held a telephone conference regarding these issues on May 9, 2007, and allowed SMS the opportunity to orally respond to the pending motions.

**I. Emergency Motion to Compel Inspection of Documents Commencing on May 14, 2007**

On April 13, 2007, the Court ordered that the parties would simultaneously exchange the dates from May 14, 2007, to June 25, 2007, that all necessary parties will be available for document inspection in Germany. However, the Court also ordered that "Plaintiff shall have the documents requested in Defendant's final document requests available for inspection in a convenient and orderly manner" by May 14, 2007.

Xtek states that it has repeatedly informed SMS that it will be arriving at SMS's Dusseldorf facility at 9:00 a.m. Dusseldorf time on Monday, May 14, 2007 to commence document inspection. On May 7, 2007, SMS sent an e-mail to Xtek proposing Monday, June 18, 2007, through Friday, June 22, 2007, as the dates all necessary parties will be available for

1

document inspection in Germany. Xtek replied rejecting the proposed dates, stating that it had already made its plane and hotel reservations and other travel arrangements, and that Xtek "will arrive at SMS's Dusseldorf facility at 9:00 a.m. Dusseldorf time on Monday, May 14."

On May 8, 2007, at 7:30 pm., SMS stated, in its response to Xtek's final document requests, that it "objects to the document inspection commencing on May 14, 2007." Plaintiff also stated that "All necessary parties are not available the week of May 14, 2007."

As stated in the telephone conference, Xtek's inspection shall occur beginning on May 21, 2007. The Court will address at a later date whether Xtek should be reimbursed by SMS for additional expenses, if any, incurred due to changing reservations. If Xtek wishes to pursue this matter, it should do so in a separate motion. The motion is granted in part and denied in part.

## II. Defendant's Motion to Compel

Xtek moves this Court for an order requiring SMS to permit Matthias Pfister, Michael Fischer, Caecile von Teichman, and Dr. Meta Binder, as consultants and translators, to assist with the document inspection in Germany, including being exposed to SMS CONFIDENTIAL and HIGHLY CONFIDENTIAL information, all subject to the terms of the Protective Order.

Xtek submitted to the Court its "Notification of Anticipated Disclosure of Confidential and Highly Confidential Information" and SMS's letter informally objecting to the notification. During the telephone conference, SMS stated that it had no further objections, other than those contained in its letter objecting to the notification. The Court is not persuaded by any of the objections raised by SMS. Therefore, the Court grants the motion.

**III. Clarification of May 3rd Order**

On May 4, 2007, Xtek sent the Court a letter requesting clarification of the Court's Order dated May 3, 2007. First, in the Court's Order, it stated that SMS "will not have to produce the index or any portion thereof. However, . . . the index to SMS's archives and a person familiar with the archive will be available at the time of Defendant's inspection." Xtek seeks to clarify whether this should be interpreted to mean that the index must be available for Xtek's use during the document inspection. The Court clarifies that it did not intend Xtek to have access to the index during the document inspection. The index itself is not a document requested by Xtek, but is a tool used to locate such documents. SMS will be in control of the index, and at its option, may provide Xtek with relevant portions of the index.

The Court also stated in its previous Order that "SMS shall produce Requests Nos. 30, 37, 41, 43-45, 47-56, 60-63, 65, 70 and 71 and SMS's prior responses to these requests apply. The original general definitions and general instructions apply to these document requests. SMS shall produce Requests Nos. 1, 2, 4-7, 9, 10, 12-24, 27, 31-36, 38-40, 42, 46, 64, 66-69 and 72-74 as originally requested and SMS's prior responses apply." Xtek questions whether these requirements are to be interpreted to read "SMS shall produce documents responsive to Request Nos . . ." (additional language added." SMS has not objection to this clarification. Therefore, the Court clarifies that SMS shall produce documents responsive to the aforementioned requests, if there are documents responsive to those requests.

Xtek states that the Court's Order requires SMS to produce the documents governed by the original general definitions and general instructions, which included an Instruction stating, "If no documents are responsive to a particular request, state that no responsive documents exist."

Xtek asserts that SMS has not indicated whether there are situations where there are no documents responsive to a particular document request. Thus, Xtek requests that the Court clarify its Order that SMS must indicate which document requests have no responsive documents.

SMS states that at the document inspection, Xtek will be able to clarify whether it considers certain documents to be responsive to its requests. Therefore, SMS proposes that it identify which document requests have no responsive documents after the document inspection when this issue is clarified. The Court agrees that this is reasonable.

Finally, Xtek requests that the Order be clarified to indicate that document requests 3, 8, 11, 25, 26, 28, 29, 57, 58, and 59 are subject to the definitions in paragraphs 17-26 of Xtek's revised document requests. Xtek states that the Court's Order requires SMS to respond to these document requests according to the original general instructions, but that these requests require the application of technical term definitions contained in Instructions 17-26 of Xtek's revised requests, and these clarifications were communicated to SMS in Xtek's March 1, 2007 letter to Xtek's Supplement to Xtek's Second Motion to Compel. SMS's only objection is that the definitions labeled "Instructions" by Xtek are actually "Definitions."

The Court's Order contemplated the inclusion of the amendments identified in Xtek's March 1 and March 30, 2007 letters. As it is clear that the definitions in paragraphs 17-26 were contained in the March 1, 2007 letter, the Court finds that document requests 3, 8, 11, 25, 26, 28, 29, 57, 58, and 59 are subject to the definitions contained in paragraphs 17-26 of Xtek's revised document requests.

Accordingly,

IT IS THEREFORE ORDERED that the Defendant's Emergency Motion to Compel Inspection of Documents Commencing on May 14, 2007 (Docket No. 145) be, and it is hereby, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Compel (Docket No. 142) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that the Court's Order dated May 3, 2007, is clarified as stated above.

IT IS SO ORDERED this 10th day of May, 2007.

                                              /s/Garnett Thomas Eisele
                                               UNITED STATES DISTRICT JUDGE